IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 6, 2015

**STATE OF TENNESSEE v. MARCUS TRAVENO COX, JR.**

**Appeal from the Circuit Court for Marshall County**
**No. 2014-CR-3    Forest A. Durard, Jr., Judge**

_____

**No. M2014-01442-CCA-R3-CD – Filed March 17, 2015**

_____

The Defendant-Appellant, Marcus Traveno Cox, Jr., was indicted by a Marshall County Grand Jury for one count of solicitaion of aggravated perjury and one count of improper influence of a juror, Class A misdemeanors.  Cox entered an open plea of guilty to solicitation of aggravated perjury, and count two was dismissed.  After a sentencing hearing, the trial court imposed the maximum sentence of 11 months and 29 days in the county jail, to be served consecutively to his sentences in another case.  The sole issue presented for our review is whether the trial court erred in sentencing Cox.  Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

James R. Frazier, Leoma, Tennessee, for the Defendant-Appellant, Marcus Traveno Cox, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; Robert Carter, District Attorney General; and Weakley Bernard, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Plea Submission Hearing.**  At the April 23, 2014 plea submission hearing, the State summarized the facts supporting Cox's guilty plea to solicitation of aggravated perjury:

> . . . [B]ack in January of this year, . . . specifically the 9th and 10th, [Cox] was set to go to trial on various charges. . . . [T]hey were drug

charges and weapons charges.

[Cox] was represented by Mr. James Tucker.

Mr. Tucker did as any defense attorney . . . would do[.] [He] obtained a list of the potential jurors that would be in the pool of jurors that would be present for that day obviously in preparation of the trial. He provided that to [Cox] as you would expect him to do.

[Cox] looked over that list and saw some individuals on there he recognized; specifically a Collette Childress. He initially contacted Ms. Childress via Facebook. . . . [T]hat was on January 4th and said to her his trail -- that he put his trail, t-r-a-i-1, meant trial is January 9 and 10. ["]Please don't say you know me. I seen you on the jury list today and you was one of them.["]

He went on to say that he felt like the State didn't have any evidence. ["]In fact they might just dismiss the case but if they don't, act like you don't know me at all. I will hopefully get you on my jury trial.["]

Ms. Childress then contacted a member of the Marshall County Sheriff's Department who had her come in to provide the information she had. That led to members of the sheriff's department having Ms. Childress engage in a recorded telephone call with [Cox] about the subject of her being in the jury pool and [Cox] having an upcoming trial.

[Cox] says on the recording, ["][Y]ou know, you don't know me, you don't know me.["] Ms. Childress asked if she would get in trouble and [Cox]'s response was[,] ["][H]ell no.["] He just kept emphasizing ["]just say you don't know me.["]

And again, as the Court knows, the parties all did appear on January 9th and 10th for a trial and indeed Ms. Childress was here in the pool of potential jurors.

The trial court accepted the Cox's guilty plea to a Class A misdemeanor and set the matter for a sentencing hearing on June 4, 2014.

**Sentencing Hearing.** At the sentencing hearing, the State introduced Cox's corrected presentence report into evidence without objection. The report reflected that Cox, who was twenty-one years old at the time, had a history of juvenile and adult

convictions in Marshall County, beginning with a conviction for simple possession at age twelve. The report also reflected that Cox was sentenced in March 2014 for his five convictions in case number 12-CR-174 and was currently serving an effective nine-year sentence in the Department of Correction. He committed the offenses in case number 12-CR-174 when he was nineteen. Neither the State nor Cox called any witnesses.

Based on the presentence report, the State argued that enhancement factors (1) and (13)(A) applied to Cox. Specifically, the State asserted that he had a history of criminal convictions or criminal behavior, in addition to that necessary to establish his range and that he solicited the aggravated perjury while he was on bail or pretrial release for other charges. See T.C.A. § 40-35-114(1), (13)(A). The State requested the maximum misdemeanor sentence of 11 months and 29 days at 75 percent to deter others from attempting to undermine the jury system.

In support of consecutive sentencing, the State relied on category (2), that Cox was "an offender whose criminal activity [wa]s extensive." See id. § 40-35-115(b)(2). The State emphasized the fact that he was twenty-one years old but already had a lengthy criminal record that spanned multiple pages within the presentence report.

In response, Cox argued that the court should consider mitigating factors (1) and (6): that his conduct did not cause serious bodily injury and that he lacked substantial judgment because of his youth. See T.C.A. § 40-35-113(1), (6). In addition, Cox requested that the court align his misdemeanor sentence concurrently with his existing sentences.

At the conclusion of the hearing, the trial court sentenced Cox to serve 11 months and 29 in the county jail and ordered him to serve the sentence consecutively to his prior nine-year sentence in case number 12-CR-174.

Cox now timely appeals the trial court's sentencing decision.

## ANALYSIS

On appeal, Cox argues that the trial court erred in imposing an excessive sentence. Specifically, he asserts that the court should have given more weight to the mitigating factors in the record. He claims that the court "focused entirely" on his criminal history and ignored the fact that he was only twenty-one years old at the time of the offense. He further contends that the court should have imposed concurrent sentencing. The State responds that based on Cox's extensive criminal history, the trial court did not abuse its discretion in sentencing him to the serve the maximum misdemeanor sentence consecutively to his existing sentences. We agree with the State.

-3-

We review the length and manner of service of a sentence imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012). Moreover, the misapplication of enhancement or mitigating factors does not invalidate the imposed sentence "unless the trial court wholly departed from the 1989 Act, as amended in 2005." Id. at 706. "So long as there are other reasons consistent with the purposes and principles of sentencing, as provided by statute, a sentence imposed by the trial court within the appropriate range should be upheld." Id. This standard of review also applies to "questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." State v. Shuck, 953 S.W.2d 662, 669 (Tenn. 1997); see also State v. Kyto Sihapanya, ___ S.W.3d ___, No. W2012-00716-SC-R11-CD, 2014 WL 2466054, at *2 (Tenn. Apr. 30, 2014).

To date, the Tennessee Supreme Court has not addressed whether the abuse of discretion standard with a presumption of reasonableness applies to misdemeanor sentencing. Notwithstanding, the reasoning espoused in State v. King, that Bise applies to "all sentencing decisions," suggests that it is the appropriate standard of review to apply to misdemeanor sentencing cases as well. See State v. King, 432 S.W.3d 316, 324 (Tenn. 2014) (emphasis added). Moreover, this court has previously applied the Bise standard of review to misdemeanor sentencing cases. See State v. Michael Glen Walsh, No. E2012-00805-CCA-R3-CD, 2013 WL 1636661, at *4 (Tenn. Crim. App. Apr. 17, 2013); State v. Sue Ann Christopher, No. E2012-01090-CCA-R3-CD, 2013 WL 1088341, at *7 (Tenn. Crim. App. Mar. 14, 2013). Therefore, we will do the same in this case.

Pursuant to the 2005 amendments to the Sentencing Act, a trial court must consider the following when determining a defendant's specific sentence and the appropriate combination of sentencing alternatives:

(1) The evidence, if any, received at the trial and the sentencing hearing;
(2) The presentence report;
(3) The principles of sentencing and arguments as to sentencing alternatives;
(4) The nature and characteristics of the criminal conduct involved;
(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and
(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

-4-

T.C.A. § 40-35-210(b). The defendant has the burden of showing the impropriety of the sentence on appeal. Id. § 40-35-401(d), Sentencing Comm'n Cmts.

In this case, Cox entered a guilty plea to solicitation of aggravated perjury, a Class A misdemeanor, which carries a maximum sentence of eleven months and twenty-nine days. See id. § 40-35-111(e)(1). Sentences for misdemeanor offenses must be specific and in accordance with the principles, purpose, and goals of the Criminal Sentencing Reform Act of 1989. Id. §§ 40-35-104, -302. The sentencing court is granted considerable latitude in misdemeanor sentencing. State v. Johnson, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999) (citing State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998)). While a separate sentencing hearing is not mandatory in misdemeanor cases, the court must provide the defendant with a reasonable opportunity to be heard regarding the length and manner of the sentence. See T.C.A. § 40-35-302(a).

"[A] misdemeanor offender must be sentenced to an authorized determinant sentence[,]" and "a percentage of that sentence, which the offender must serve before becoming eligible for consideration for rehabilitative programs, must be designated." State v. Palmer, 902 S.W.2d 391, 394 (Tenn. 1995). Typically, a percentage not greater than seventy-five percent of the sentence should be fixed for a misdemeanor offender. Id. at 393-94; T.C.A. § 40-35-302(d).

An individual convicted of a misdemeanor has no presumption of entitlement to a minimum sentence. Johnson, 15 S.W.3d at 518 (citing State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997); State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994)). The misdemeanor sentencing statute requires that the trial court consider the purposes and principles of sentencing when calculating the percentage of the sentence to be served in confinement prior to "consideration for work release, furlough, trusty status and related rehabilitative programs." T.C.A. § 40-35-302(b), (d) (2012). However, there is no strict requirement that the trial court make findings on the record regarding the percentage of the defendant's sentence to be served in confinement:

> [W]hile the better practice is to make findings on the record when fixing a percentage of a defendant's sentence to be served in incarceration, a trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor sentencing statute.

Troutman, 979 S.W.2d at 274 (footnote omitted).

At the sentencing hearing, the trial court noted that it had more discretion to sentence Cox because sentencing ranges did not apply to misdemeanor offenses. In

-5-

determining the appropriate length of the sentence, the court concluded that the maximum misdemeanor sentence of 11 months and 29 days at 75 percent was "more than warranted" based on Cox's lengthy criminal record. The court acknowledged Cox's youth and lack of judgment but found that Cox was an "experienced offender" whose criminal record began when he was twelve. It further noted for the record that Cox attempted to influence the jury panel on the eve of the January 10, 2014 trial, which resulted in "quite a bit of activity" to ensure that both the State and Cox received a fair trial.

Cox first argues that the trial court erred in imposing the maximum misdemeanor sentence. He asserts that the court overemphasized his criminal history and failed to give sufficient weight to mitigating factors (1) and (6). However, we note that the statutory enhancement and mitigating factors are advisory only, and "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." State v. Carter, 254 S.W.3d 335, 345 (Tenn. 2008). As long as the sentence is consistent with the purposes and principles of the sentencing act, this court is bound by the trial court's sentencing decision. Id. at 345-46.

Here, the trial court had broad discretion to sentence Cox for his misdemeanor offense. A review of Cox's prior convictions shows that he possessed a juvenile and adult criminal history "evincing a clear disregard for the laws and morals of society and evincing failure of past efforts at rehabilitation" and, therefore, was properly given "first priority regarding sentencing involving incarceration[.]" T.C.A. § 40-35-102(5). Moreover, we agree with the trial court that because Cox sought to obtain a favorable result right before his jury trial, the maximum misdemeanor sentence was "justly deserved in relation to the seriousness of the offense[.]" Id. § 40-35-102(1). We conclude that the trial court did not impose an excessive sentence in this case.

Next, Cox argues that the trial court improperly ordered his misdemeanor sentence to be served consecutively to his effective nine-year sentence in case number 12-CR-174. Although he contends that the court should have imposed concurrent sentencing, he does not specifically address the consecutive sentencing categories in his brief. Instead, Cox maintains that the court erred in failing to give sufficient weight to his youth in reaching its sentencing decision.

When a defendant is convicted of one or more offenses, the trial court has discretion to decide whether the sentences shall be served concurrently or consecutively. Id. § 40-35-115(a). The Tennessee Supreme Court has held "the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to consecutive sentencing determinations." State v. Pollard, 432 S.W.3d 851, 860 (Tenn. 2013). A trial court may order multiple offenses to be served consecutively if it finds by a preponderance of the evidence that a defendant fits into at least one of the seven

categories in section 40-35-115(b). T.C.A. § 40-35-115(b). This court must give "deference to the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)." Pollard, 432 S.W.3d at 861. Moreover, "[a]ny one of these grounds is a sufficient basis for the imposition of consecutive sentences." Id. at 862 (citing State v. Dickson, 413 S.W.3d 735, 748 (Tenn. 2013)). "So long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." Id. (citing Tenn. R. Crim. P. 32(c)(1); Bise, 380 S.W.3d at 705). When imposing consecutive sentences, the court must still consider the general sentencing principles that each sentence imposed shall be "justly deserved in relation to the seriousness of the offense," "no greater than that deserved for the offense committed," and "the least severe measure necessary to achieve the purposes for which the sentence is imposed." T.C.A. §§ 40-35-102(1), -103(2), -103(4); State v. Imfeld, 70 S.W.3d 698, 708 (Tenn. 2002).

In imposing consecutive sentencing, the trial court found that Cox had "a very extensive record going back to age 12." See T.C.A. § 40-35-115(b)(2). The court emphasized that most of Cox's offenses occurred between ages twelve and nineteen and that it could not recall another twenty-one-year-old defendant with a similar record. Accordingly, the court ordered Cox to serve 11 months and 29 days in the county jail consecutively to his effective nine-year sentence in the Department of Correction.

We conclude that the trial court did not err in finding Cox to be "an offender whose record of criminal activity is extensive[.]" Id. § 40-35-115(b)(2). The presentence report reflects that Cox's juvenile record began in 2005, at age twelve, when he was convicted of simple possession and sentenced to probation. His juvenile record contains multiple instances of running away from the custody of the Department of Children's Services (DCS) as well as a violation of probation in 2006. In March 2006, Cox was charged with attempted aggravated burglary and was convicted of criminal trespass. He was convicted of assault in 2008, and DCS determined his behavior to be "ungovernable" in 2009. Shortly thereafter, Cox was convicted of domestic assault and sentenced to DCS custody on May 22, 2009. He escaped that day and was not captured until June 16, 2009. Cox's adult record contains seven weapons and drug-related convictions committed when he was nineteen, including the five convictions in case number 12-CR-174 for which he attempted to influence the jury. As a whole, his adult criminal history consisted of nine convictions committed over the course of one year and nine months. Moreover, the record supports a finding that Cox had a long history of criminal conduct and that measures less restrictive than confinement had frequently or recently been applied unsuccessfully to him. See id. § 40-35-103(1)(A), (C). Therefore, the trial court properly exercised its discretion in ordering Cox to serve his sentences consecutively.

The record reflects that the trial court carefully considered the evidence, the enhancement and mitigating factors, and the purposes and principles of sentencing prior to imposing the maximum misdemeanor sentence, to be served consecutively to Cox's nine-year sentence in the Department of Correction. Accordingly, we uphold the length and consecutive alignment of Cox's misdemeanor sentence, and he is not entitled to relief.

## **CONCLUSION**

Upon review, we affirm the judgments of the Marshall County Circuit Court.

_____
CAMILLE R. MCMULLEN, JUDGE